**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York
(State)

Case number *(if known)*: _____    Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/16

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Avaya Holdings Two, LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **52-2323240** |

4.  **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **350 Mount Kemble Avenue**<br>Number          Street | Number          Street |
| | P.O. Box |
| **Morristown, NJ  07960**<br>City                    State    Zip Code | City                    State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Morris**<br>County | Number          Street |
| | City                    State    Zip Code |

5.  **Debtor's website** (URL)          **http://www.avaya.com/en/**

6.  **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **Avaya Holdings Two, LLC**                                                    Case number *(if known)* _____
          Name

**7.  Describe debtor's business**

A.  *Check One:*

☐  Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐  Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐  Railroad (as defined in 11 U.S.C. § 101(44))

☐  Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐  Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐  Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒  None of the above

B.  *Check all that apply:*

☐  Tax-exempt entity (as described in 26 U.S.C. § 501)

☐  Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐  Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5191**

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐  Chapter 7

☐  Chapter 9

☒  Chapter 11.  *Check all that apply:*

☐  Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐  The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐  A plan is being filed with this petition.

☐  Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐  The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

☐  The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐  Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒  No
☐  Yes.    District _____    When _____    Case number _____
                                     MM/DD/YYYY
          District _____    When _____    Case number _____
                                     MM/DD/YYYY

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐  No
☒  Yes.    Debtor    **See Rider 1**                          Relationship    **Affiliate**

          District    **Southern District of New York**        When

          Case number, if known _____            MM / DD / YYYY

| Debtor | Avaya Holdings Two, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

---

**11. Why is the case filed in *this* district?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No[1]

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number        Street

_____
City                          State      Zip Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

| | **Statistical and administrative information** |
|---|---|

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☒ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

[1] The Debtor does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety.

Debtor    **Avaya Holdings Two, LLC**                                    Case number *(if known)*
                Name

---

**16. Estimated liabilities**

☐ $0-$50,000                 ☐ $1,000,001-$10 million        ☐ $500,000,001-$1 billion
☐ $50,001-$100,000           ☐ $10,000,001-$50 million       ☒ $1,000,000,001-$10 billion
☐ $100,001-$500,000          ☐ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million        ☐ $100,000,001-$500 million     ☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     **01/19/2017**
                MM/ DD / YYYY

✗  **/s/ Eric S. Koza**                                    **Eric S. Koza, CFA**
   Signature of authorized representative of debtor          Printed name

   Title   **Chief Restructuring Officer**

---

**18. Signature of attorney**

✗  **/s/ Jonathan S. Henes**                    Date    **01/19/2017**
   Signature of attorney for debtor                      MM/ DD/YYYY

   **Jonathan S. Henes, P.C.**
   Printed name

   **Kirkland & Ellis LLP**
   Firm name

   **601 Lexington Avenue**
   Number                    Street

   **New York**                                    **New York**    **10022**
   City                                            State         ZIP Code

   **(212) 446-4800**                              **jonathan.henes@kirkland.com**
   Contact phone                                   Email address

   **2822203**                          **New York**
   Bar number                           State

---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____
Southern District of New York
(State)

Case number *(if
known):*   _____   Chapter ____11____

☐ Check if this is an
amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Avaya Inc.

- Avaya Inc.
- Avaya CALA Inc.
- Avaya EMEA Ltd.
- Avaya Federal Solutions, Inc.
- Avaya Holdings Corp.
- Avaya Holdings LLC
- Avaya Holdings Two, LLC
- Avaya Integrated Cabinet Solutions Inc.
- Avaya Management Services Inc.
- Avaya Services Inc.
- Avaya World Services Inc.
- Octel Communications LLC
- Sierra Asia Pacific Inc.
- Sierra Communication International LLC
- Technology Corporation of America, Inc.
- Ubiquity Software Corporation
- VPNet Technologies, Inc.
- Zang, Inc.

| Debtor name | Avaya Inc., *et al.* |
|---|---|
| United States Bankruptcy Court for the: | Southern          District of          New York |
| Case number *(If known)*: | (State) |

Official Form 204

Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders          12/15    12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Wistron Infocomm Technology America Attn: President or General Counsel 800 Parker Square, Suite 285A Flower Mound, TX 75028 | Name: Wistron Infocomm Technology America Attn: President or General Counsel Tel: 026-616-9999; 915-782-7828 Fax: 886-6612-2930 Email: amanda_fulfillment@wistron.com | Trade | | | | $8,843,104.85 |
| 2 | Avnet Inc. Attn: President or General Counsel 2021 Lakeside Blvd Richardson, TX 75082 | Name: Avnet Inc. Attn: President or General Counsel Tel: 800-332-8638 Fax: 913-663-7979 Email: chelcie.cramer@avnet.com | Trade | | | | $8,822,799.15 |

KE 44896691

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 3 | Hewlett Packard Enterprise Company Attn: President or General Counsel PO Box 740591 Los Angeles, CA 90074-0591  Hewlett Packard Enterprise Company Attn: President or General Counsel 3000 Hanover Street Palo Alto, CA 94304 | Name: Hewlett Packard Enterprise Company Attn: President or General Counsel Tel: 650-857-1501 Fax: 650-857-4837 Email: us-enterprise-orders@hpe.com | Trade | | | | $5,227,622.28 |
| 4 | Verint Americas Inc. Attn: President or General Counsel PO Box 905642 Charlotte, NC 28290-5642  Verint Americas Inc. Attn: President or General Counsel 175 Broadhollow Rd., Suite 100 Melville, NY 11747 | Name: Verint Americas Inc. Attn: President or General Counsel Tel: 770-754-8719 Fax: 770-754-1882 Email: Stephanie.Sewell@verint.com | Trade | | | | $4,288,292.65 |
| 5 | SalesForce.com Inc. Attn: President or General Counsel PO Box 842569 Boston, MA 02284-2569  SalesForce.com Inc. Attn: President or General Counsel The Landmark at One Market Suite 300 San Francisco, CA 94105 | Name: SalesForce.com Inc. Attn: President or General Counsel Tel: 415-901-8457 Fax: 415-901-7040 Email: collections@salesforce.com | Trade | | | | $4,053,140.00 |

KE 44896691

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6 | Lite on Trading USA Inc. Attn: President or General Counsel 720 S Hillview Drive Milpitas, CA 95035 | Name: Lite on Trading USA Inc. Attn: President or General Counsel Tel: 408-946-4873 Fax: 408-130-7400 Email: Bingo.wang@liteon.com | Trade | | | | $3,922,199.34 |
| 7 | Tapfin Process Solutions Attn: President or General Counsel PO Box 905406 Charlotte, NC 28290-5406  Tapfin Process Solutions Attn: President or General Counsel 100 Manpower Place Milwaukee, WI 53212 | Name: Tapfin Process Solutions Attn: President or General Counsel Tel: 877-720-4384 Email: kendra.allbright@tapfin.com | Trade | | | | $3,544,797.53 |
| 8 | Oracle America Inc. PO Box 198330 Atlanta, GA 30384  Oracle America Inc. Attn: President or General Counsel 500 Oracle Parkway Redwood Shores, CA 94065 | Name: Oracle America Inc. Attn: President or General Counsel Tel: 800-786-0404; 650-506-5200 Fax: 650-506-7114 Email: kavitha.venkatesh@oracle.com | Trade | | | | $3,246,315.86 |

3

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 9 | IBM Corporation Attn: President or General Counsel PO Box 534151 Atlanta, GA 30353-4151  IBM Corporation Attn: President or General Counsel 1 New Orchard Road Armonk, NY 10504-1722 | Name: IBM Corporation Attn: President or General Counsel Tel: 800-668-4423, 646-619-8897 Fax: 866-722-9226 Email: slarusso@us.ibm.com | Trade | | | | $2,997,295.13 |
| 10 | Infosys Technologies Limited Attn: President or General Counsel Plot No 45 & 46 Electronics Bangalore 0 560100 India | Name: Infosys Technologies Limited Attn: President or General Counsel Tel: 510-742-3000 Fax: 510-742-3090 Email: mahesh_eswar@infosys.com | Trade | | | | $2,074,090.80 |
| 11 | Mera Software Services Inc. Attn: President or General Counsel 5201 Great America Parkway Santa Clara, CA 95054 | Name: Mera Software Services Inc. Attn: President or General Counsel Tel: 408-969-9762 Email: james.hymel@merasws.com | Trade | | | | $1,790,116.80 |

4

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 12 | Flextronics Logistics USA Inc. Attn: President or General Counsel 847 Gibraltar Drive Milpitas, CA 95035 | Name: Flextronics Logistics USA Inc. Attn: President or General Counsel Tel: 901-215-2700 Fax: 901-215-2724 Email: shrikant.karad@flextronics.com | Trade | | | | $1,708,837.25 |
| 13 | World Wide Technology Inc. Attn: President or General Counsel 60 Weldon Parkway Maryland Heights, MO 63043 | Name: World Wide Technology Inc. Attn: President or General Counsel Tel: 314-919-1400 Fax: 314-569-8300 Email: sean.liston@wwt.com | Trade | | | | $1,604,109.97 |
| 14 | Xirrus Inc. Attn: President or General Counsel 2101 Corporate Center Drive Thousand Oaks, CA 91320 | Name: Xirrus Inc. Attn: President or General Counsel Tel: 805-262-1663 Fax: 805-262-1601 Email: jeff.plowman@xirrus.com | Trade | | | | $1,546,159.01 |

KE 44896691

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15 | Wistron Corporation<br>Attn: President or General Counsel<br>No. 5, Hsin-Ann Road<br>Hsin Chu, 0 300<br>Taiwan | Name: Wistron Corporation<br>Attn: President or General Counsel<br>Tel: 886-2-8691-1206<br>Fax: 886-2-8691-2080<br>Email: amanda_fulfillment@wistron.com | Trade | | | | $1,353,645.43 |
| 16 | Luxoft Global Operations GMBH<br>Attn: President or General Counsel<br>Gubelstrasse 24<br>Zug 6300<br>Switzerland | Name: Luxoft Global Operations GMBH<br>Attn: President or General Counsel<br>Tel: 41-41-723-2040; 212-964-9900<br>Fax: 212-964-4377<br>Email: luxavayainvoicing@luxoft.com | Trade | | | | $1,281,567.25 |
| 17 | SHI International Corp (Non-Pcard)<br>Attn: President or General Counsel<br>33 Knightsbridge Rd<br>Piscataway, NJ 08854 | Name: SHI International Corp (Non-Pcard)<br>Attn: President or General Counsel<br>Tel: 732-868-5964<br>Fax: 732-805-9669<br>Email: ucsystems@shi.com | Trade | | | | $1,251,508.16 |

6

KE 44896691

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | Marketsource Inc. Attn: President or General Counsel PO Box 102348 Atlanta, GA 30368<br><br>Marketsource Inc. Attn: President or General Counsel 11700 Great Oaks Way Suite 500 Alpharetta, GA 30022 | Name: Marketsource Inc. Attn: President or General Counsel Tel: 770-674-5000 Fax: 770-674-5077 Email: hsims@marketsource.com | Trade | | | | $1,248,922.92 |
| 19 | Flextronics Telecom Systems LTD Attn: President or General Counsel Level 3, Alexander House 35 Cybercity Ebene Mauritius | Name: Flextronics Telecom Systems LTD Attn: President or General Counsel Tel: 86-7565138000 Fax: 86-7565218088 Email: srinath.gopalaramakrishnan@flextronics.com | Trade | | | | $1,247,440.23 |
| 20 | American Express Corp Card Remit Attn: President or General Counsel 20002 N 19th Ave Phoenix, AZ 85027 | Name: American Express Corp Card Remit Attn: President or General Counsel Tel: 602-537-8500 Fax: 602-744-8603 Email: tracy.a.mcdonald@aexp.com | Trade | | | | $1,210,802.72 |

7

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | Communications Test Design Inc. Attn: President or General Counsel PO Box 416086 Boston, MA 02241-6086  Communications Test Design Inc. Attn: President or General Counsel 1373 Enterprise Drive West Chester, PA 19380 | Name: Communications Test Design Inc. Attn: President or General Counsel Tel: 610-436-5203 Fax: 610-436-6890 Email: shartshorne@ctdi.com | Trade | | | | $1,199,837.67 |
| 22 | Stream International Inc. Attn: President or General Counsel 3285 Northwood Circle Eagan, MN 55121 | Name: Stream International Inc. Attn: President or General Counsel Tel: 902-537-0647 Fax: 902-491-5872 Email: vinod.radhakrishnan@convergys.com | Trade | | | | $1,175,353.82 |
| 23 | Oracle Credit Corporation Attn: President or General Counsel 260 N Charles Lindergh Dr Salt Lake City, UT 84116 | Name: Oracle Credit Corporation Attn: President or General Counsel Tel: 650-506-2020 Fax: 650-633-0804 Email: konstantin.chabanny@oracle.com | Trade | | | | $1,000,000.25 |

KE 44896691

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 24 | ServiceSource International Inc. Attn: President or General Counsel 634 2nd Street San Francisco, CA 94107 | Name: ServiceSource International Inc. Attn: President or General Counsel Tel: 800-211-5868; 415-901-6030 Fax: 415-962-3230 Email: agencybilling@servicesource.com | Trade | | | | $990,857.60 |
| 25 | Empirix Inc. Attn: President or General Counsel Dept Ch 10919 Palatine, IL 60055-0909

Empirix Inc. Attn: President or General Counsel 600 Technology Park Drive Suite 100 Billerica, MA 01821 | Name: Empirix Inc. Attn: President or General Counsel Tel: 972-461-4441; 978-313-7000 Fax: 978-313-7001 Email: sgoodman@empirix.com | Trade | | | | $967,962.92 |
| 26 | Innovatia Inc. Attn: President or General Counsel Innovatia Inc, a Canadian Corp 1 Germain Street Saint John, NB E2L 4V1 Canada | Name: Innovatia Inc. Attn: President or General Counsel Tel: 506-640-4118 Fax: 506-640-4422 Email: andrea.sherwood@innovatia.net | Trade | | | | $966,056.36 |

9

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27 | Teletech Attn: President or General Counsel 9197 South Peoria Street Englewood, CO 80112 | Name: Teletech Attn: President or General Counsel Tel: 303-397-8100 Fax: 303-3978-670 Email: apinvoicesinquiries@teletech.com | Trade | | | | $883,933.73 |
| 28 | Holland & Knight Trust Account Attn: President or General Counsel 1600 Tysons Blvd, Suite 700 Mclean, VA 22102-4867 | Name: Holland & Knight Trust Account Attn: President or General Counsel Tel: 703-720-8604 Fax: 703-720-8610 Email: stuart.mendelsohn@hklaw.com | Trade | | | | $736,377.49 |
| 29 | Grape UP Sp. Z o.o. Attn: President or General Counsel Ul Pradnicka 89 6 Krakow 31-202 Poland | Name: Grape UP Sp. Z o.o. Attn: President or General Counsel Tel: 48-12-416-11-49 Email: office@grapeup.com | Trade | | | | $734,984.30 |

10

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 30 | CSC Covansys Corporation Attn: President or General Counsel 22475 Network Place Chicago, IL 60673 | Name: CSC Covansys Corporation Attn: President or General Counsel Tel: 248-848-8853 Fax: 248-488-2098 Email: aramericas@csc.com | Trade | | | | $711,655.51 |
| 31 | Computer Generated Solutions Attn: President or General Counsel 2-56 33 K 40 Khanamet Madhapur, Hyderabad 500081 India | Name: Computer Generated Solutions Attn: President or General Counsel Tel: 212-408-3800 Fax: 212-977-7474 Email: srvish@cgsinc.com | Trade | | | | $670,237.57 |
| 32 | Flextronics America LLC Attn: President or General Counsel 1000 Technology Drive West Columbia, SC 29170-2263 | Name: Flextronics America LLC Attn: President or General Counsel Tel: 803-936-5200 Email: mxgdlarremittancepaymentsfiebv@flextronics.com | Trade | | | | $665,966.75 |

11

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 33 | CyrusOne Attn: President or General Counsel 1649 W Frankford Road Carrollton, TX 75007 | Name: Cyrusone Attn: President or General Counsel Tel: 513-841-5040 Fax: 713-353-1089 Email: veronica.cochrum@cbts.cinbell.com | Trade | | | | $653,289.61 |
| 34 | MarketStar Corporation Attn: President or General Counsel 2475 Washington Blvd Ogden, UT 84401 | Name: MarketStar Corporation Attn: President or General Counsel Tel: 800-877-8259 Fax: 801-393-4115 Email: djones@marketstar.com | Trade | | | | $613,280.56 |
| 35 | Servion Global Solutions Attn: President or General Counsel 3 Independence Way, Suite 304 Princeton, NJ 08540 | Name: Servion Global Solutions Attn: President or General Counsel Tel: 609-987-0044 Fax: 609-514-5118 Email: ar@servionusa.com | Trade | | | | $608,132.58 |

12

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 36 | PM Telco LLC Attn: President or General Counsel 11 Canal Center Plaza S-200 Alexandria, VA 22314 | Name: PM Telco LLC Attn: President or General Counsel Tel: 410-695-1459 Fax: 410-695-1459 Email: richard.myers@robbinsgioia.com | Trade | | | | $577,365.91 |
| 37 | Coupa Software Inc. Attn: President or General Counsel PO Box 398396 San Francisco, CA 94139-8396 Coupa Software Inc. Attn: President or General Counsel 1855 S. Grant Street San Mateo, CA 94402 | Name: Coupa Software Inc. Attn: President or General Counsel Tel: 775-800-1111 Fax: 650-401-7907 Email: ar@coupa.com | Trade | | | | $575,137.58 |
| 38 | Convergys HR Management NAR Attn: President or General Counsel 1450 Solutions Center Chicago, IL 60677-1004 | Name: Convergys HR Management NAR Attn: President or General Counsel Tel: 513-784-5472 Fax: 513-241-4836 Email: sonal.m.grzymajlo@convergys.com | Trade | | | | $554,606.00 |

13

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 39 | Wipro LTD Attn: President or General Counsel Doddakannelli Sarjapur Rd Bangalore 560035 India | Name: Wipro LTD Attn: President or General Counsel Tel: 91-80-28440011 Fax: 91-80-28440256 Email: edebtors-usa@wipro.com | Trade | | | | $550,688.79 |
| 40 | Nuance Communications Inc. Attn: Brendan McKay One Wayside Road Burlington, MA 01803 | Name: Nuance Communications Inc. Attn: Brendan McKay Tel: 781-565-5197 Fax: 781-565-5001 Email: janice.buck@nuance.com | Trade | | | | $548,409.38 |
| 41 | Aricent Technologies (Holdings) LTD Attn: President or General Counsel 700 Hansen Way Palo Alto, CA 94304 | Name: Aricent Technologies (Holdings) LTD Attn: President or General Counsel Tel: 650-391-1088 Fax: 650-551-9901 Email: nikhil.gulati@aricent.com | Trade | | | | $514,940.00 |

14

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 42 | Red Hat Inc. Attn: President or General Counsel PO Box 1018-8655 Raleigh, NC 27601  Red Hat Inc. Attn: President or General Counsel 100 East Davie Street Raleigh, NC 27601 | Name: Red Hat Inc. 100 East Davie Street Tel: 919-754-3700 Fax: 919-754-3701 Email: collectus@redhat.com | Trade | | | | $484,362.56 |
| 43 | Anixter Inc. Attn: President or General Counsel PO Box 847428 Dallas, TX 75284-7428  Anixter Inc. Attn: President or General Counsel 2301 Patriot Blvd. Glenview, IL 60026 | Name: Anixter Inc. Attn: President or General Counsel Tel: 800-323-8167; 714-695-2259 Fax: 224-521-8100 Email: patricia.webb@anixter.com | Trade | | | | $467,380.15 |
| 44 | Apex Systems Inc. Attn: President or General Counsel 3750 Collections Center Drive Chicago, IL 60693 | Name: Apex Systems Inc. Attn: President or General Counsel Tel: 804-342-9090 Fax: 800-847-5737 Email: clmiller@apexsystemsinc.com | Trade | | | | $455,509.12 |

15

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 45 | Delta Networks Inc. Attn: President or General Counsel 186 Ruey Kuag Road Neihu Taipei City Taiwan | Name: Delta Networks Inc. Attn: President or General Counsel Tel: 866-2-8797-2088 Fax: 866-2-8797-2120 Email: qiuxia.zhang@deltaww.com.cn | Trade | | | | $418,393.63 |
| 46 | Infocrossing LLC Attn: President or General Counsel PO Box 415697 Boston, MA 02241-5699<br><br>Infocrossing LLC Attn: President or General Counsel 2 Christie Heights Street Leonia, NJ 07605 | Name: Infocrossing LLC Attn: President or General Counsel Tel: 201-840-4757 Fax: 201-840-7217 Email: ronnie.green@wipro.com | Trade | | | | $417,715.64 |
| 47 | Dynalec Corp Attn: President or General Counsel PO Box 5337 Syracuse, NY 13220-5337<br><br>Dynalec Corp Attn: President or General Counsel 87 W Main Street Sodus, NY 14551 | Name: Dynalec Corp Attn: President or General Counsel Tel: 315-483-6924 Fax: 315-483-6656 Email: loristp@dynalec.com | Trade | | | | $413,460.11 |

16

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 48 | Prosys Information Systems Inc. Attn: President or General Counsel 28545 Network P Chicago, IL 60673-1285 | Name: Prosys Information Systems Inc. Attn: President or General Counsel Tel: 786-231-2178 Fax: 770-300-0486 Email: arremittance@prosysis.com | Trade | | | | $401,543.91 |
| 49 | AudioCodes Inc. Attn: President or General Counsel PO Box 10056 Uniondale, NY 11555-1005  AudioCodes Inc. Attn: President or General Counsel 2099 Gateway Pl, Suite 500 San Jose, CA 95110-1087 | Name: AudioCodes Inc. Attn: President or General Counsel Tel: 972-3-976-4000; 408-441-1175 Fax: 972-3-976-4040; 408-451-9520 Email: david.macmaster@audiocodes.com | Trade | | | | $384,976.78 |
| 50 | Network-1 Security Solutions, Inc. Attn: President or General Counsel 445 Park Avenue Suite 1028 New York, NY 10022 | Name: Network-1 Security Solutions, Inc. Attn: President or General Counsel Tel: 212-829-5770 Fax: 212-829-5771 Email: info@network-1.com | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |

17

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | Avaya Inc., *et al.* |
| United States Bankruptcy Court for the: | Southern District of New York |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ *Amended Schedule*

☒ *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐ *Other document that requires a declaration*_____

_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **01/19/2017** | ☒ */s/ Eric S. Koza* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Eric S. Koza, CFA** |
| | Printed name |
| | **Chief Restructuring Officer** |
| | Position or relationship to debtor |

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | § |
| | § |
| AVAYA HOLDINGS TWO, LLC, | § |
| | § |
| Debtor. | § |
| | § |

Chapter 11

Case No. 17-_____ (____)

### LIST OF EQUITY SECURITY HOLDERS[2]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Avaya Holdings Two, LLC | Avaya Inc. | 4655 Great America Parkway Santa Clara, CA  95054 | 100% |

---

[2] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

Fill in this information to identify the case and this filing:

Debtor Name         Avaya Holdings Two, LLC

United States Bankruptcy Court for the:         Southern District of New York
                   (State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration _____ List of Equity Security Holders _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on                           ☒

           **01/19/2017**                          
           MM/ DD/YYYY                Signature of individual signing on behalf of debtor

                                       **Eric S. Koza, CFA**
                                       Printed name

                                       **Chief Restructuring Officer**
                                       Position or relationship to debtor

Official Form 202         **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| AVAYA HOLDINGS TWO, LLC, | § | Case No. 17-_____ (___) |
| | § | |
| Debtor. | § | |
| | § | |

## CORPORATE OWNERSHIP STATEMENT

   Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Avaya Inc. | 100% |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name          Avaya Holdings Two, LLC | |
| United States Bankruptcy Court for the: | Southern District of New York |
| | (State) |
| Case number (If known): | |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration_____        Corporate Ownership Statement_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | ☒ */s/ Eric S. Koza* |
|---|---|
| **01/19/2017** | |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Eric S. Koza, CFA** |
| | Printed name |
| | **Chief Restructuring Officer** |
| | Position or relationship to debtor |

**Official Form 202**             **Declaration Under Penalty of Perjury for Non-Individual Debtors**

## WRITTEN CONSENT IN LIEU OF A MEETING
## OF THE BOARD OF DIRECTORS OF AVAYA HOLDINGS TWO, LLC

January 19, 2017

The undersigned, being all of the members of the board of directors (the "Board") of Avaya Holdings Two, LLC, a Delaware limited liability company (the "Company"), in lieu of holding a meeting, hereby approved the following actions and adopt the following resolutions (the "Resolutions"), by written consent (this "Consent") pursuant to the organizational documents of the Company and the laws of the State of Delaware:

### APPOINTMENT OF CHIEF RESTRUCTURING OFFICER

WHEREAS, the Board has considered presentations by the Company's management (the "Management") and financial and legal advisors (collectively, the "Advisors") regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business; and

WHEREAS, the Board discussed the foregoing with the Management and the Advisors and has determined, in the judgment of the Board, that it is in the best interests of the Company, its creditors, and other parties in interest to appoint a Chief Restructuring Officer (hereafter, the Chief Restructuring Officer shall be included in the term "Management").

NOW, THEREFORE, BE IT:

RESOLVED, that Mr. Eric S. Koza, CFA, be, and hereby is, appointed as the Chief Restructuring Officer of the Company upon the terms and conditions of that certain Services Agreement, dated as of September 8, 2016, by and among Avaya Inc. and its subsidiaries, Zolfo Cooper Management, LLC, and Mr. Koza (the "CRO Agreement"), which terms and conditions shall be and are hereby incorporated by reference in these Resolutions;

RESOLVED, that Mr. Koza shall report to the Board, and shall serve at the pleasure and direction of the Board on the terms and conditions set forth in the CRO Agreement;

RESOLVED, that Mr. Koza shall collaborate and maintain open communications with the other members of Management and the Board with respect to all aspects of his responsibilities;

RESOLVED, that Mr. Koza shall work with the other members of Management to collectively analyze and jointly make decisions with respect to the Company's liquidity and cash management;

RESOLVED, that Mr. Koza, in coordination with the Advisors and the other members of Management, shall be authorized from time to time to make decisions, subject to the control and direction of the Board, with respect to certain aspects of the Company's business related to: (a) the development of, or revisions to, the Company's business plan relevant to any Restructuring Decisions (as defined herein) or Transaction (as defined herein); (b) the Company's communications with and outreach to its stakeholders; and (c) various other restructuring

initiatives, including negotiations with, and proposals to, parties in interest (clauses (a)–(c), collectively, the "Restructuring Decisions"), subject to the direction of the Board in all respects;

RESOLVED, that Mr. Koza, in coordination with the other members of Management and the Advisors, shall facilitate negotiations and engagement with the Company's stakeholders; and

RESOLVED, that Mr. Koza shall not have any authority to make decisions with respect to: (a) the hiring or termination of officers or employees; (b) executing transactions; or (c) otherwise committing the Company or its resources, except as expressly authorized by separate resolution of the Board or otherwise approved by the Board.

## CHAPTER 11 FILING

WHEREAS, the Board considered presentations by Management and the Advisors regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business; and

WHEREAS, the Board has consulted with Management and the Advisors and has fully considered each of the strategic alternatives available to the Company.

NOW, THEREFORE, BE IT:

RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by certain of the Company's domestic direct and indirect subsidiaries, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") or other court of competent jurisdiction; and

RESOLVED, that the Chief Executive Officer, Chief Financial Officer, Chief Restructuring Officer, General Counsel, any Executive Vice President, any Senior Vice President, any Vice President, or any other duly appointed officer of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of the Company's business; provided, that, this authorization is not intended to expand the authority of the Chief Restructuring Officer beyond the authority bestowed upon him by the preceding Resolutions.

## RETENTION OF PROFESSIONALS

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Kirkland & Ellis LLP, as the Company's counsel, to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and

all actions to advance the Company's rights and remedies, including filing any pleadings and conducting any potential sale process on behalf of the Company; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Kirkland & Ellis LLP in accordance with applicable law;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Centerview Partners LLC, as the Company's investment banker, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and remedies; and, in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Centerview Partners LLC in accordance with applicable law;

RESOLVED, that each of the Authorized Officers (other than Mr. Koza in his capacity as Chief Restructuring Officer) be, and hereby is, authorized and directed to employ the firm of Zolfo Cooper LLC, as restructuring advisor, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and remedies; and, in connection therewith, each of the Authorized Officers (other than Mr. Koza in his capacity as Chief Restructuring Officer) is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Zolfo Cooper Management, LLC in accordance with applicable law;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Prime Clerk LLC, as notice, claims, and balloting agent and as administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Prime Clerk LLC in accordance with applicable law;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of PricewaterhouseCoopers LLP, as auditor, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain PricewaterhouseCoopers LLP in accordance with applicable law;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of KPMG LLP, as tax and accountancy advisor, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all

3

actions to advance the Company's rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain KPMG LLP in accordance with applicable law;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of The Siegfried Group, LLP, as accountancy advisor and financial services consultant, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain The Siegfried Group, LLP in accordance with applicable law;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, appropriate, or desirable, including (without limitation) special counsel to the extent determined necessary, appropriate, or desirable; and

RESOLVED, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain legal counsel, accountants, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, appropriate, or desirable in connection with the Company's chapter 11 case.

## DEBTOR-IN-POSSESSION FINANCING, CASH COLLATERAL AND ADEQUATE PROTECTION[1]

RESOLVED, that the Company shall be, and hereby is, authorized by the Board to: (a) undertake any and all transactions contemplated by that certain Superpriority Secured Debtor-in-Possession Credit Agreement, by and among Avaya Inc., a Delaware corporation (the "Borrower"), the Company, the Subsidiaries of the Borrower from time to time party thereto as Guarantors, Citibank, N.A., as Administrative Agent (the "DIP Agent") and L/C Issuer, and each lender from time to time party thereto, as Lenders (the "DIP Credit Agreement"), on substantially the terms and subject to the conditions described to the Board and as set forth in the DIP Credit Agreement or as may hereafter be fixed or authorized by the Board or each of the Authorized Officers (and their designees and delegates), acting alone or with one or more other Authorized Officers; (b) borrow funds from, request the issuance of letters of credit, provide guaranties to, pledge its assets as collateral to and undertake any and all related transactions

---

[1]    Capitalized terms used and not defined in the following Resolutions have the meanings given to such terms in the DIP Documents or the Adequate Protection Documents, as applicable.

contemplated thereby (collectively, the "Financing Transactions" and each such transaction a "Financing Transaction") with such Lenders and L/C Issuer and on such terms as may be approved by any one or more of the Authorized Officers, as reasonably necessary for the continuing conduct of the affairs of the Company; (c) execute and deliver and cause the Company to incur and perform its obligations under the DIP Credit Agreement and Financing Transactions; (d) finalize the DIP Credit Agreement and Financing Transactions, consistent in all material respects with those that have been presented to and reviewed by the Board; and (e) pay related fees and grant security interests in and liens upon some, any or all of the Company's assets, as may be deemed necessary by any one or more of the Authorized Officers in connection with such Financing Transactions;

RESOLVED, that each of the Authorized Officers (and their designees and delegates), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company, as debtor and debtor-in-possession, to take such actions and negotiate or cause to be prepared and negotiated and to execute, file, deliver and cause the Company to incur and perform its obligations under the DIP Credit Agreement and the Loan Documents (collectively, the "DIP Loan Documents"), any hedging agreements, any secured cash management agreements, any agreements with any letter of credit issuer, and all other agreements, instruments and documents (including, without limitation, any and all other intercreditor agreement, joinders, mortgages, deeds of trust, consents, notes, pledge agreements, security agreements, control agreements, interest rate swaps, caps, collars or similar hedging agreement and any agreements with any entity (including governmental authorities) requiring or receiving cash collateral, letters of credit or other credit support with proceeds from the DIP Credit Agreement) or any amendments thereto or waivers thereunder (including, without limitation, any amendments, waivers or other modifications of any of the DIP Loan Documents) that may be contemplated by, or required in connection with, the DIP Credit Agreement, the DIP Loan Documents and the Financing Transactions (collectively, the "DIP Financing Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as such Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the transactions contemplated by the DIP Credit Agreement and the DIP Loan Documents, which determination shall be conclusively evidenced by his or her execution or delivery thereof;

RESOLVED, that the form, terms and provisions of the DIP Credit Agreement and each of the other DIP Loan Documents be, and the same hereby are in all respects approved, and that any Authorized Officers or other officers of the Company are hereby authorized and empowered, in the name of and on behalf of the Company, to execute and deliver and to execute and file with the Bankruptcy Court the DIP Credit Agreement and each of the DIP Loan Documents to which the Company is a party, each in the form or substantially in the form thereof submitted to the Board, with such changes, additions and modifications thereto as the officers of the Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

RESOLVED, that the Authorized Officers and each other officer of the Company be, and each of them hereby is, authorized and empowered to authorize the DIP Agent to file any UCC financing statements and any necessary assignments for security or other documents in the name of the Company that the DIP Agent deems necessary or appropriate to perfect any lien or

5

security interest granted under the DIP Loan Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent on behalf of itself and the other secured parties under the DIP Loan Documents;

RESOLVED, that each of the Authorized Officers be, and hereby are, authorized and empowered, in consultation with the Board, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement or any of the other DIP Loan Documents or any of the other DIP Financing Documents, and to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers or documents, which shall in his or her sole judgment be necessary, proper or advisable, which determination shall be conclusively evidenced by his or her execution thereof;

RESOLVED, that the Company will obtain benefits from the incurrence of the loans and letters of credit under the DIP Credit Agreement by the Borrower and the occurrence and consummation of the Financing Transactions under the DIP Credit Agreement and the DIP Loan Documents and the transactions under the DIP Financing Documents, which are necessary and appropriate to the conduct, promotion and attainment of the business of the Company; and

RESOLVED, that the Commitment Letter and Fee Letter, each in substantially the form presented to the Board, among the Arranger (as defined therein) and the Company and any other documents or agreements executed in connection therewith are hereby in all respects approved and ratified as the true acts and deeds of the Company and the forms, terms and provisions and the Authorized Officers' execution of the same are in all respects approved and authorized.

WHEREAS, the Company and its affiliates will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for the Company's prepetition secured creditors (collectively, the "Secured Lenders") party to:

(a)    that certain Third Amended and Restated Credit Agreement dated as of December 21, 2012, among the Borrower, the Company, Citibank, N.A., as administrative agent (the "Cash Flow Credit Agreement Agent"), swing line lender, and letter of credit issuer, and each lender from time to time party thereto (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "Prepetition Cash Flow Credit Agreement");

(b)    that certain Amended and Restated Credit Agreement dated as of October 29, 2012, among the Borrower, the Company, the Subsidiary Borrowers (as defined therein), Citicorp USA, Inc., as administrative agent (the "Domestic ABL Agent") and swing line lender, Citibank, N.A. as letter of credit issuer, and each lender

6

from time to time party thereto (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "Domestic Prepetition ABL Credit Agreement");

(c)    those 7.00% senior secured first lien notes issued pursuant to that certain Indenture, dated as of February 11, 2011, among Avaya Inc., a Delaware corporation (the "Issuer"), the guarantors party thereto, and The Bank of New York Mellon Trust Company, N.A. as trustee and notes collateral agent (the "7.00% Secured Notes Agent") (the "7.00% First Lien Notes");

(d)    those 9.00% senior secured first lien notes issued pursuant to that certain Indenture, dated as of December 21, 2012, among, the Issuer, the guarantors party thereto, and The Bank of New York Mellon Trust Company, N.A. as trustee and notes collateral agent (the "9.00% Secured Notes Agent") (the "9.00% First Lien Notes"); and

(e)    the 10.50% second lien notes issued pursuant to that certain Indenture, dated as of March 7, 2013, among the Issuer, the guarantors party thereto, and The Bank of New York Mellon Trust Company, N.A. as trustee and notes collateral agent (the "10.50% Secured Notes Agent" and together with the Cash Flow Credit Agreement Agent, the Domestic ABL Agent, the 7.00% Secured Notes Agent, and the 9.00% Secured Notes Agent, the "Agents") (the "Second Lien Notes").

NOW, THEREFORE, BE IT:

RESOLVED, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain adequate protection to the Secured Lenders (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "Interim DIP Order") and submitted for approval to the Bankruptcy Court;

RESOLVED, that the form, terms, and provisions of the Interim DIP Order to which the Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Officers of the Company be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate, or cause to be prepared and negotiated, and to execute, deliver, perform, and cause the performance of, the Interim DIP Order and the DIP Financing Documents (together with the Interim DIP Order, collectively, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board, with such changes, additions, and modifications thereto as the Authorized Officers of the Company executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution and delivery thereof;

RESOLVED, that the Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "Adequate Protection Transactions");

7

RESOLVED, that the Authorized Officers of the Company be, and they hereby are, authorized and directed, and each of them acting alone be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company, to take such actions as in their discretion is determined to be necessary, appropriate, or desirable and execute the Adequate Protection Transactions, including delivery of:  (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Agents; and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Document; and

RESOLVED, that each of the Authorized Officers of the Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Company in connection with these Resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, appropriate, or desirable to perform any of the Company's obligations under or in connection with the Interim DIP Order or any of the other Adequate Protection Documents and the transactions contemplated thereby and to carry out fully the intent of these Resolutions.

### GENERAL

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's or Authorized Officers' judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein;

RESOLVED, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice;

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Board; and

8

RESOLVED, that each of the Authorized Officers (and their designees and delegates) and each other partner, member, or managing member of each direct subsidiary of the Company, be and hereby is authorized and empowered to take all actions or to not take any action in the name of and on behalf of the Company with respect to the transactions contemplated by these Resolutions hereunder as the sole shareholder, partner, member, or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary, appropriate, or desirable in such Authorized Officer's reasonable business judgment as may be necessary, appropriate, or desirable to effectuate the purposes of the transactions contemplated herein.

\*        \*        \*        \*        \*

IN WITNESS WHEREOF, the undersigned have executed this Consent as of the date above first written.

_____

Adele C. Freedman

_____

Peter B. Heller

*[Signature Page to Consent of the Board of Avaya Holdings Two, LLC]*

IN WITNESS WHEREOF, the undersigned have executed this Consent as of the date above first written.

_____
Adele G. Freedman

_____
Peter B. Heller

*[Signature Page to Consent of the Board of Avaya Holdings Two, LLC]*